IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ABLE HOME HEALTH, LLC, <br> on behalf of plaintiff and <br> the class members defined herein, <br><br> Plaintiff, <br><br> v. <br><br> MSC GROUP, INC., also known as <br> MSC CARE MANAGEMENT, INC., and <br> doing business as <br> ONE CALL CARE MANAGEMENT; <br> TOTAL MEDICAL SOLUTIONS- <br> DME & HH, INC.; and JOHN DOES 1-10, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | 14 C 5615 <br><br> Judge Chang <br> Magistrate Judge Cole |

## ORDER GRANTING MOTION FOR
## PRELIMINARY APPROVAL OF SETTLEMENT

The Motion of Plaintiff Able Home Health, LLC ("Plaintiff") for Preliminary Approval of Class Action Settlement with defendants MSC Group, Inc. and Total Medical Solutions-DME & HH, Inc. (collectively, "Defendants") to issue notice to the Settlement Class came on for hearing on December 2, 2015.

The capitalized terms used herein shall have the same meaning as defined in the Settlement Agreement which is attached as <u>Appendix A</u> to Plaintiff's Motion for Preliminary Approval (the "Settlement Agreement"). Having considered Plaintiff's moving papers, the signed Settlement Agreement and all other evidence submitted concerning Plaintiff's motion, and being duly advised in the premises, the Court hereby finds that:

(a) The settlement proposed in the Settlement Agreement (the "Settlement") has been negotiated in good faith at arm's length and is preliminarily determined to be fair, reasonable, adequate, and in the best interests of the Settlement Class (as defined below).

1

(b) The class notice (as described in the Settlement Agreement) fully complies with Federal Rule of Civil Procedure 23(c)(2)(B) and due process, constitutes the best notice practicable under the circumstances, and is due and sufficient notice to all persons entitled to notice of the settlement of the Litigation.

(c) With respect to the Settlement Class, this Court finds that, for settlement purposes only, certification is appropriate under Federal Rule of Civil Procedure 23(a) and (b)(3). This Court finds that members of the Settlement Class will receive notice of the settlement through the notice program described below.

(d) This Court finds that the class notice described below constitutes the best notice practicable under the circumstances and fully complies with Federal Rule of Civil Procedure 23(c)(2)(B).

**IT IS THEREFORE ORDERED THAT:**

1. For the reasons stated on the record, and in Plaintiff's Motion for Preliminary Approval, the settlement proposed in the Settlement Agreement has been negotiated in good faith at arm's length and is preliminarily determined to be fair, reasonable, adequate, and in the best interests of the Settlement Class in light of the factual, legal, practical and procedural considerations raised by this case.

2. The following class (the "Settlement Class") is preliminarily certified solely for the purpose of settlement pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3):

> All persons and entities with fax numbers who during the period of July 23, 2010 through and including July 23, 2014, were sent faxes by or on behalf of MSC Group, Inc. and/or Total Medical Solutions-DME & HH, Inc. promoting their goods or services and which did not contain an opt out notice as described in 47 U.S.C. § 227.

The Court makes a preliminary finding that this action satisfies the applicable prerequisites for class action treatment under Fed. R. Civ. P. 23(a) and (b). The Settlement Class is so numerous that joinder of all members is not practicable, there are questions of law and fact common to the Settlement Class, the claims of the Class Representative (as defined below) are typical of the claims of the Settlement Class, and the Class Representative will fairly and adequately protect the interests of the Settlement Class. Questions of law and fact common to the members of the Settlement Class predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

3. The Court preliminarily appoints Plaintiff Able Home Health, LLC as class representative of the Settlement Class ("Class Representative") and finds that it meets the requirements of Fed. R. Civ. P. 23.

4. The Court preliminarily appoints the following lawyers as Settlement Class Counsel and finds that they meet the requirements of Fed. R. Civ. P. 23: Daniel A. Edelman and Heather A. Kolbus of Edelman, Combs, Latturner and Goodwin, LLC, 20 S. Clark Street, Suite 1500, Chicago, Illinois 60603.

5. The Court orders Defendants and/or their insurer to deliver $15,000 to Settlement Class Counsel within 7 days of the entry of the Preliminary Approval Order to be used to cover the expenses of notice and administration of the Settlement. Defendants shall be given a credit in the amount of $15,000 toward payment of the total Settlement Fund. Any costs paid by Defendants for notice and administrative expenses shall not be included in any request by Settlement Class Counsel for reimbursement of costs at Final Approval of the Settlement Agreement. Settlement Class Counsel must seek approval from the Court to withdraw from the

Settlement Fund any amount greater than $15,000 to cover costs related to notice and administration expenses.

6. If (i) the Settlement Agreement is terminated pursuant to its terms; (ii) the Settlement Agreement, the Preliminary Approval Order, and the Final Approval Order do not for any reason become effective; or (iii) the Settlement Agreement, Preliminary Approval Order, and Final Approval Order are reversed, vacated, or modified in any material respect which is not agreeable to all Parties, then (a) all orders entered pursuant to the Settlement Agreement shall be deemed vacated, including without limitation the certification of the Settlement Class and all other relevant portions of this Order, (b) this case shall proceed as though the Settlement Class had never been certified, and (c) no reference to the prior Settlement Class, or any documents related thereto, shall be made for any purpose. If the settlement does not become final in accordance with the terms of the Settlement Agreement, then the Final Approval Order shall be void and shall be deemed vacated. Defendants retain the right to oppose class certification if the settlement is vacated, and the doctrines of res judicata, collateral estoppel or law of the case shall not be applied.

7. The Settlement Class Administrator shall give notice to the Settlement Class of the settlement, its terms, the right to opt out, appear and the right to object to the settlement as set forth in the Settlement Agreement. The Settlement Agreement's plan for class notice is the best notice practicable under the circumstances and satisfies the requirements of due process and Fed. R. Civ. P. 23. That plan is approved and adopted and Settlement Class Counsel is ordered to ensure notice is issued to the Settlement Class as set forth in the Settlement Agreement.

8. The form of notice that Settlement Class Counsel or the Settlement Class Administrator will provide is attached as <u>Exhibit 1</u> to the Settlement Agreement. By January 6,

2016, the Settlement Class Administrator is ordered to send the notice substantially in the form of Exhibit 1 and a claim form substantially in the form of Exhibit 2 by facsimile to each Settlement Class Member identified on the Fax List. The Settlement Class Administrator shall make at least two additional attempts to transmit the notice by facsimile to those numbers where the initial transmission failed. Settlement Class Counsel will also publish Exhibit 1, the Settlement Agreement, excluding exhibits, and the Petition for Attorney's Fees on www.edcombs.com. The Settlement Class Administrator may create a website which allows for the electronic submission of claim forms. Any website created by the Settlement Class Administrator, may also post the notice, claim form, this order, the Settlement Agreement (excluding exhibits), and Settlement Class Counsel's Petition for Attorney's Fees. This combined notice program fully complies with the requirements of Federal Rule of Civil Procedure 23(c)(2)(B) and due process, constitutes the best notice practicable under the circumstances, and is due and sufficient notice to all persons entitled to notice of the settlement of this Litigation. Within 30 days of the date that notice was sent by facsimile, the Settlement Class Administrator shall provide a second round of notice in the form of Exhibit 1 to the Settlement Agreement by facsimile and/or U.S. Mail to those Settlement Class Members who have not responded to the class notice. The Court finds that no other notice is necessary. The Settlement Class Administrator and/or Settlement Class Counsel shall provide the notice and/or the claim form to Settlement Class Members who request it.

9. To effectuate the settlement, the Court establishes the following deadlines for the events set forth in the Settlement Agreement and directs the Parties to incorporate the deadlines in the Notice and Claim Form:

(a) Claim Forms shall be returned by Settlement Class Members to Settlement Class Counsel or the Settlement Class Administrator online, by fax, or by mail with a postmark on or before March 7, 2016. Claims not submitted by this date shall be barred.

(b) Objections of Settlement Class Members or any appearance of an attorney on behalf of a Settlement Class Member shall be filed in this Court and served by mail postmarked to Settlement Class Counsel and Defendants' Counsel on or before March 7, 2016, or shall be forever barred. Each objection must contain the following information: (a) the objector's name (or business name, if the objector is an entity), address, (b) the telephone number for the facsimile machine on which the Settlement Class Member was sent the fax; (c) a statement of the objection to the Settlement Agreement; (d) an explanation of the legal and factual basis for the objection; and (e) documentation, if any, to support the objection.

(c) All memoranda filed by any Settlement Class Member in connection with objections must be filed in this Court and served on Settlement Class Counsel and Defendants' Counsel by fax or mail postmarked on or before March 7, 2016, or shall be forever barred.

(d) Requests by any Settlement Class Member to opt out of the settlement must be mailed to Settlement Class Counsel or the Settlement Class Administrator on or before March 7, 2016, or shall be forever barred. A notice of intention to opt out must contain the following information: (a) the Settlement Class Member's name, address, and the telephone number for the facsimile machine on which the Settlement Class Member was sent the fax; and (b) a statement to the effect that the Settlement Class

Member does not want to participate in the settlement and waives all rights to any benefits of the settlement.

10. Settlement Class Counsel or the Settlement Class Administrator shall file an affidavit attesting to the fact that notice was issued in accordance with the Settlement Agreement by February 11, 2016.

11. Settlement Class Counsel shall file with the Court a list of the individual members of the Settlement Class seeking exclusion by April 15, 2016.

12. The final hearing to determine whether the settlement is fair, reasonable, and adequate, and whether it should be approved by the Court, will be conducted on April 27, 2016 at 10:00 a.m.

13. All papers in support of the Settlement Agreement shall be filed no later than April 15, 2016. Any responses to objections shall be filed with the Court on or before April 15, 2016. There shall be no replies from objectors. Settlement Class Counsel shall file a fee petition on February 4, 2016.

14. In the event that the settlement does not become final and the Effective Date does not occur in accordance with the terms of the Settlement Agreement, then this Order shall be void and shall be deemed vacated, and the Settlement Fund advanced shall be returned less any costs incurred to notify the Settlement Class Members of the Settlement Agreement to counsel of record for Defendants within three business days of that occurrence.

15. The Court may, for good cause, extend any of the deadlines set forth in this Order or adjourn or continue the final approval hearing without further notice to the Settlement Class.

16. American Legal Claim Services LLC, 5985 Richard Street, Suite 3, Jacksonville, FL 32216, shall be the Settlement Class Administrator.

17. Within 5 days of entry of this Order, Defendants shall provide the Settlement Class Administrator with the Fax List in MS Word or Excel format.

18. Defendants, their insurer, or persons acting on their behalf shall within five (5) business days prior to the date set by the Court for the final approval hearing, issue a check or wire the amount of the Settlement Fund less the amount advanced for notice and administration costs to the Client Trust Account of Settlement Class Counsel. Settlement Class Counsel agrees to hold such funds in trust for the benefit of the Settlement Class and shall not disburse any funds from the Settlement Fund prior to the Effective Date unless in accordance with the Settlement Agreement or as ordered by the Court.

ENTER:

Dated: December 7, 2015 _____
                                                                      United States District Judge