**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| ABLE HOME HEALTH, LLC, | ) | |
| on behalf of plaintiff and | ) | |
| the class members defined herein, | ) | |
| | ) | |
| Plaintiff, | ) | 14 C 5615 |
| | ) | |
| v. | ) | Judge Chang |
| | ) | Magistrate Judge Cole |
| MSC GROUP, INC., also known as | ) | |
| MSC CARE MANAGEMENT, INC., and | ) | |
| doing business as | ) | |
| ONE CALL CARE MANAGEMENT; | ) | |
| TOTAL MEDICAL SOLUTIONS- | ) | |
| DME & HH, INC.; and JOHN DOES 1-10, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER FINALLY APPROVING THE SETTLEMENT**

On December 7, 2015 this Court entered an order granting preliminary approval (the "Preliminary Approval Order") of the settlement between Plaintiff Able Home Health, LLC ("Plaintiff"), on its own behalf and on behalf of the Settlement Class (as defined below), and Defendants MSC Group, Inc. and Total Medical Solutions-DME & HH, Inc. (collectively, "Defendants") as memorialized in the Settlement Agreement attached as Appendix A to Plaintiff's Motion for Preliminary Approval of Settlement (the "Settlement Agreement"). Capitalized terms used herein shall have the same meaning as in the Settlement Agreement.

On April 27, 2016, the Court held a fairness hearing (the "Fairness Hearing"), for which members of the Settlement Class had been given appropriate notice and were invited, including those with any objections. An opportunity to be heard was given to all persons requesting to be heard in accordance with the Preliminary Approval Order. No persons appeared in Court

seeking to address the settlement pursuant to the Settlement Agreement. Having considered the Settlement Agreement, Plaintiff's Memorandum in Support of Final Approval of the Class Action Settlement, Petition for Attorney's Fees, and all other evidence submitted,

**IT IS HEREBY ORDERED THAT:**

1. This Court has jurisdiction over Plaintiff, Defendants, members of the Settlement Class, and the claims asserted in the Litigation.

2. The Settlement Agreement was entered into in good faith following arm's length negotiations and is non-collusive.

3. This Court grants final approval of the Settlement Agreement, including but not limited to the releases in the Settlement Agreement, and finds that it is in all respects fair, reasonable, and in the best interest of the Settlement Class. Therefore, all members of the Settlement Class who have not opted out are bound by this Order Finally Approving the Settlement and the Settlement Agreement.

### Class Certification

4. The previously certified class set forth below (the "Settlement Class") is now finally certified pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3):

> All persons and entities with fax numbers who during the period of July 23, 2010 through and including July 23, 2014, were sent faxes by or on behalf of MSC Group, Inc. and/or Total Medical Solutions-DME & HH, Inc. promoting their goods or services and which did not contain an opt out notice as described in 47 U.S.C. § 227.

5. The Court finds that certification of the Settlement Class solely for purposes of settlement is appropriate in that (a) the Settlement Class is so numerous that joinder of all members is impracticable; (b) there are questions of law and fact common to the Settlement Class that predominate over any questions affecting only individual Settlement Class Members;

(c) Plaintiff's claims are typical of the claims of the Settlement Class; (d) Plaintiff will fairly and adequately protect the interests of the Settlement Class; (e) Edelman, Combs, Latturner & Goodwin, LLC is adequate Settlement Class counsel; and (f) a class action is the superior method for the fair and efficient adjudication of this controversy.

6. Able Home Health, LLC is designated as representative of the Settlement Class (the "Class Representative").

7. Daniel A. Edelman and Heather Kolbus of Edelman, Combs, Latturner and Goodwin, LLC are appointed as Settlement Class Counsel.

### Class Notice

8. The class notice (as described in the Settlement Agreement) fully complies with the requirements of Federal Rule of Civil Procedure 23(c)(2)(B) and due process, constitutes the best notice practicable under the circumstances, and is due and sufficient notice to all persons entitled to notice of the settlement of the Litigation. The Court has approved the forms of notice to the Settlement Class.

9. With respect to the Settlement Class, this Court finds that certification is appropriate under Federal Rule of Civil Procedure 23(a) and (b)(3). Notice was given by facsimile and/or U.S. Mail to each Settlement Class Member who was identified on the Fax List. Settlement Class Counsel also posted the Settlement Agreement (without exhibits), the Petition for Attorney's Fees, and notice on their firm's website, www.edcombs.com. The class notice, claim form, Preliminary Approval Order, Petition for Attorney's Fees, and Settlement Agreement (without exhibits) were also posted on www.MSCTMSFaxSettlement.com. These forms of class notice fully comply with the requirements of Rule 23(c)(2)(B) and due process, constitute the best notice practicable under the circumstances, and are due and sufficient notice

to all persons entitled to notice of the settlement of this lawsuit. A total of 105 valid and timely claim forms were submitted. The 6 valid claims submitted after the March 7, 2016 deadline are allowed.

**Objections and Opt-Outs**

10. No objections were filed by Settlement Class Members.

11. Three entities, Hot Springs Health Program, Inc., First Call Pharmacy, LLC, and Dominican Sisters Family Health Service, Inc. validly requested exclusion from the Settlement Class and are hereby excluded from the Settlement Class. (*Dkt. Nos. 70-72*)

**Class Compensation**

12. In accordance with the terms of the Settlement Agreement, Defendants through their insurer shall pay $675,000 (less any applicable deductibles which are to be paid by Defendants) for the Settlement Fund, less any costs advanced for notice and administrative expenses to Settlement Class Counsel pursuant to the procedures set forth in the Settlement Agreement. Defendants have advanced $15,000 from the Settlement Fund for costs of notice and administration. Defendants', their insurer, or persons acting on their behalf paid the remaining $660,000 of the Settlement Fund pursuant to the procedures set forth in the Settlement Agreement. Settlement Class Counsel shall hold such funds in trust for the benefit of the Settlement Class and shall not disburse any funds from the Settlement Fund prior to the Effective Date unless in accordance with the parties' agreement or this Court's orders.

**Award of Attorneys' Fees, Costs, and Incentive Award**

13. The Court has considered Settlement Class Counsel's application for attorneys' fees. The Court awards Settlement Class Counsel the sum of $220,000 as an award of attorneys' fees to be paid from the Net Settlement Fund within 14 days of the Effective Date, and

finds this amount of fees is fair and reasonable. Any costs advanced by Defendants from the Settlement Fund for notice and administrative expenses are not reimbursed.

14. The Court grants Settlement Class Counsel's request for an incentive award to the Class Representative and awards $8,000 to Able Home Health, LLC. The Court finds that this payment is justified by the Class Representative's service to the Settlement Class. This payment shall be made from the Net Settlement Fund within 14 days of the Effective Date.

## Other Provisions

15. The Parties to the Settlement Agreement shall carry out their respective obligations thereunder.

16. Neither the Settlement Agreement, the Preliminary Approval Order, this Order finally approving the settlement, nor any of their provisions, nor any of the documents (including but not limited to drafts of the Settlement Agreement, the Preliminary Approval Order and Order Finally Approving the Settlement), negotiations, or proceedings relating in any way to the settlement, shall be construed as or deemed to be evidence of an admission or concession of any kind by any person, including Defendants, and shall not be offered or received in evidence in this or any other action or proceeding except in an action brought to enforce the terms of the Settlement Agreement or except as may be required by law or court order.

17. Defendants, their insurer, or persons acting on their behalf have issued a check or wired the amount of the Settlement Fund less the $15,000 advanced for notice and administrative costs to the Client Trust Account of Settlement Class Counsel on April 20, 2016.

18. Pursuant to the terms of the Settlement Agreement, any unclaimed or undistributed amounts remaining in the Settlement Fund after all payments required under the

Settlement Agreement have been made shall be distributed to the *cy pres* recipient Administer Justice. Payment is due in accordance with the timing set forth in the Settlement Agreement.

19. Settlement Class Counsel or the Settlement Class Administrator shall file a final accounting detailing the distribution of the Settlement Fund by January 26, 2017.

20. Within 14 days of entry of this Order, the Settlement Class Administrator shall send a letter and W-9 forms to the Settlement Class Members who are entitled to recover more than $599.99, explaining they are required to submit a W-9 form to the Settlement Class Administrator within 30 days of the date of the letter. Settlement Class Members to whom such letters are issued shall have 30 days after the date the letter was sent to respond and submit a completed a W-9 form to the Settlement Class Administrator. The Settlement Class Administrator shall withhold taxes on payments to Settlement Class Members who fail to timely submit a completed and valid W-9 form

21. Within 30 days following the expiration of time for Settlement Class Members to complete a W-9 form, the Settlement Class Administrator shall distribute the Net Settlement Fund to the Settlement Class Members who have submitted valid claims. The Second Distribution, if any, shall be sent 30 days following the expiration of the Settlement Class Members' checks pursuant to the Initial Settlement Payment.

22. In the preliminary approval order, this Court ordered American Legal Claim Services, LLC to be the class administrator. The Class Administrator shall make all claim payments to Settlement Class Members pursuant to the terms of the Settlement Agreement.

23. The Court hereby dismisses this Litigation against Defendant with prejudice and without costs, and without affecting the finality of this Order it retains supervision and shall monitor enforcement of the Settlement Agreement.

24. The releases specified in the Settlement Agreement are hereby approved and the claims released pursuant to those provisions are released and discharged as of the Effective Date. The Parties are ordered to take all necessary actions to complete the settlement in accordance with the Settlement Agreement and shall comply with the terms of the Settlement Agreement.

ENTER:

Dated: _____April 27, 2016_____  _____*Edmond E. Chang*_____

United States District Judge